FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 10 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHN L. JORGENSEN,

      Plaintiff,

- against -

SONY/ATV MUSIC PUBLISHING,

      Defendant.

-----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 1662 (BMC)(RLM)

**COGAN**, District Judge.

  With the 100th anniversary of the sinking of the great ship and the 3-D re-release of the movie "Titanic" upon us, plaintiff *pro se* brings this copyright infringement action, alleging that defendant Sony/ATV Music Publishing misappropriated his copyrighted work, a song called "Long Lost Lover," and infringed it through defendant's song "My Heart Will Go On" – the Oscar-winning theme song to "Titanic."

  The anniversary and 3-D technology may be new, but plaintiff's claim is not. He first brought this same claim in the Southern District of New York in 2000 against, among other defendants, Sony Music Entertainment and Famous Music Corporation. (Sony bought Famous Music in 2007.) Judge Keenan granted the defendants' motion for summary judgment on the ground that plaintiff had failed to adduce any evidence that defendants had access to his copyrighted work: "Mr. Jorgensen, as the evidence developed on this motion clearly demonstrates, has shown no possibility, certainly not a 'reasonable' one and not even a 'bare' one that the authors of *Heart* ever had access to *Lover*." Jorgensen v. Epic/Sony Records, No. 00 Civ. 9181, 2004 WL 2914067, *6 (S.D.N.Y. Dec. 16, 2004), aff'd, 157 Fed. Appx. 427 (2d Cir.

Jorgensen v. Sony BMG Music Entertainment, No. 07 Civ. 733 (S.D.N.Y. April 16, 2007),

2005) (summary order), cert. denied, 547 U.S. 1154, 126 S.Ct. 2305, rehearing denied, 548 U.S. 935, 127 S.Ct. 23 (2006) ("Jorgensen I").

Plaintiff tried again in 2007. This time, he sued another Sony affiliate, Sony BMG Music Entertainment, asserting the same infringement. Judge Keenan again dismissed it, relying on *res judicata*, because "the merits of Jorgensen's present claim that *Heart* infringes his copyright were reached in the first action, which was brought against a party in privity with Sony." Jorgensen v. Sony BMG Music Entertainment, No. 07 Civ. 733 (S.D.N.Y. April 16, 2007), aff'd, 310 Fed. Appx. 419 (2d Cir. Dec. 19, 2008) (summary order), cert. denied, 130 S.Ct. 157 (2009) ("Jorgensen II").

Thus, this is plaintiff's third attempt to bring a claim that was rejected on the merits the first time he brought it. Defendant has moved to dismiss it on the grounds of *res judicata* and collateral estoppel. In opposing the motion, plaintiff appears to raise two primary points: (1) the Second Circuit, in affirming Judge Keenan's decision in Jorgensen II, did not specify the "factual allegations and legal theories" of the case, so he is free to assert new legal theories; and (2) in Jorgensen II, the Second Circuit was wrong when it held that the facts at issue were the same as in Jorgensen I, because plaintiff has now (and apparently by the time of Jorgensen II as well) obtained additional evidence which has given rise to additional legal theories, not previously raised.

Specifically, plaintiff asserts that he now seeks to raise an "employer for hire" issue, alleging that individuals who he claims infringed his work were in fact hired by Sony. He bases this on copyright forms he has obtained from the Copyright Office which he asserts show that Sony was the original copyright holder, and he reasons, therefore, that Sony must have had access to individuals it hired who later took credit for originating the song. As additional

grounds for opposing the motion, plaintiff asserts that "[t]hese are not exactly the same parties," and that he was improperly denied discovery in Jorgensen I.

None of these points have merit. First, as Judge Keenan noted, plaintiff cannot avoid *res judicata* by serially suing different Sony affiliates, because they are all in privity for purposes of *res judicata*. See generally, Krepps v. Reiner, 377 Fed. Appx. 65 (2d Cir. 2010) (summary order). Second, *res judicata* bars not only legal theories that were asserted, but legal theories that could have been asserted. See King v. Fox, 418 F.3d 121, 131 (2d Cir. 2005). Thus, the fact that plaintiff seeks to raise an "employer for hire" issue is immaterial. Third, if plaintiff has new evidence – the proffered copyright forms – that does not impact the *res judicata* effect of Jorgensen I. A new action is no substitute for a motion to vacate a judgment. See Marshall v. Grant, 521 F.Supp.2d 240, 246 (E.D.N.Y. 2007) (challenges to a prior proceeding cannot be raised in a collateral action). Moreover, the factual issue that plaintiff seeks to raise here – whether Sony had access to his copyrighted work – is precisely the same issue that Jorgensen I resolved against him. It is therefore precluded by collateral estoppel. See generally Balderman v. U.S. Veterans Administration, 870 F.2d 57, 62 (2d Cir. 1989). Finally, if plaintiff was improperly denied discovery in Jorgensen I (even though it appears in the decision itself that plaintiff declined additional discovery), the proper avenue was appeal, not a new action. See Marshall, 521 F.Supp.2d at 246.

Accordingly, defendant's motion to dismiss is granted.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      May 9, 2012